# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

SOUTHERN FILTER MEDIA, LLC          CIVIL ACTION

VERSUS          NUMBER 12-355-BAJ-DLD

HALTER FINANCIAL GROUP, LP.

## ORDER

This matter is before the court on plaintiff's motion for limited jurisdictional discovery, or, in the alternative, motion for status conference regarding the citizenship of Halter Financial Group, LP. (rec.doc. 4)

### Background

On June 15, 2012, plaintiff filed a breach of contract claim against defendant in federal court, based on this court's diversity jurisdiction. (rec.doc. 1) As plaintiff is aware, it is axiomatic that the party seeking to invoke the court's diversity jurisdiction must "distinctively and affirmatively allege" each party's citizenship and these allegations must show that no plaintiff is a citizen of the same state as any defendant, *i.e.*, the parties are completely diverse. *Whitmire v. Victus Ltd.*, 212 F.3d 885, 887 (5th Cir.2000). Accordingly, there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing the action in federal court. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (*citing Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir.1984); 1 J. Moore, Moore's Federal Practice S 0.71[5.–1] (1996)).

The court, *sua sponte* noting the potential insufficiency of plaintiff's allegations of citizenship pertaining to the general and limited partners of defendant, issued an order allowing plaintiff until August 10, 2012, to file an amended complaint which properly set forth the identity and citizenship of the various entities which comprised defendant's limited partnership. (rec.doc. 3) In lieu of filing the amended complaint, however, plaintiff filed the instant motion, requesting that it be allowed either limited jurisdictional discovery to ascertain the identity and citizenship of the various entities, or an ex-parte status conference with the court to "resolve all subject matter jurisdiction issues." (Id.) In support

of its motion, plaintiff states that other courts have employed either limited discovery or a status conference "to remedy similar issues."

Although plaintiff cites to cases where limited jurisdictional discovery has been allowed where defendants challenged factual allegations of citizenship or their legal import, he provides no support for his novel request that he be allowed to file a case in federal court invoking the court's diversity jurisdiction in name only, and thereafter seek the court's assistance in establishing the facts that may or may not actually establish jurisdiction. The only resolution at this juncture is for plaintiff to correct the facial insufficiency of its citizenship allegations, however difficult that may be, as plaintiff chose to file suit in a federal forum on a state court claim and therefore is subject to the strict construction and application of the diversity statute. To that end, the court will grant plaintiff's motion only to the extent that plaintiff will be given an additional 45 days to amend its complaint in accordance with the court's prior order.

Accordingly,

**IT IS ORDERED** that the motion is **GRANTED** only to the extent that plaintiff has an additional 45 days to amend its complaint in accordance with the court's prior order. In all other respects, the motion is **DENIED**.

Signed in Baton Rouge, Louisiana, on August 14, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**